UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 95 CR 242-6 |
| vs. ) | Judge Robert Gettleman |
| ) | |
| ANDRE WILLIAMS, ) | |
| ) | |
| Defendant. ) | |

**GOVERNMENT'S RESPONSE TO ANDRE WILLIAMS'
MOTION TO VACATE VOID JUDGMENT**

THE UNITED STATES OF AMERICA, by its attorney, GARY S. SHAPIRO, United States Attorney for the Northern District of Illinois, respectfully submits this Response to Andre Williams' Motion to Vacate Void Judgment. Though Williams correctly argues that he was improperly classified as a career offender at his initial sentencing, this court lacks jurisdiction to consider his current motion. Therefore, the motion should be denied and Williams should move the Seventh Circuit for permission to file a second or successive § 2255 petition.

**1.     Procedural History**

    **a.     the charges and trial**

Andre Williams, among others, was charged in Counts One, Two, and Fifteen through Twenty-One of a 36-count superseding indictment. Count One

charged him with racketeering conspiracy in violation of 18 U.S.C. § 1962(d), Count Two charged him with narcotics conspiracy in violation of 21 U.S.C. § 846, Count Fifteen charged him with possession of a firearm in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c), and Counts Sixteen through Twenty-One charged him with felon in possession in violation of 18 U.S.C. § 922(g). R. 411. Williams, along with other codefendants, stood trial and was convicted of the charges against him on June 7, 1996. R. 1028.

### b. the sentencing

Williams was sentenced on April 10, 1998, to two concurrent 360-month terms on Counts One and Two of the superseding indictment; two concurrent 120-month terms on the § 922(g) charges in Counts Sixteen through Twenty-One, and a consecutive 120 months on Count Fifteen, a § 924(c) charge. R.1443. At the time Williams was sentenced, USSG § 2D1.1(c)(1)(1995) provided for a base offense level of 38 in cases involving, among other things, 30 kilograms or more of heroin, 150 kilograms or more of cocaine, or 1.5 kilograms of cocaine base, which was defined in USSG § 2D1.1(c) Commentary, Application Note (D), as "crack . . . a form of cocaine base, usually prepared by processing cocaine hydrochloride and sodium bicarbonate, and usually appearing in a lumpy, rocklike form." *Id.*

In sentencing Williams, the court determined that his total offense level was 41 and his criminal history category was VI. A.Williams SOR. The total offense level of 41 was the result of a base offense level of 38 and a three level enhancement for a leadership role pursuant to USSG § 3B1.1(b). A.Williams PSI at 6. Williams' criminal history category of VI was the result of the operation of the career offender guideline, USSG § 4B1.1(a), since at the time the PSI was written, documentation indicated that Williams had two prior convictions for possession of a controlled substance with intent to deliver. A.Williams PSI at 8-9, case numbers 89 CR 8778 and 89 CR 11175, Cook County Circuit Court. The conviction in 89 CR 8778 was erroneously recorded as a conviction for possession with intent to deliver, when it fact it was a conviction for simple possession. This appears to have been the result of a scrivener's error on the handwritten certified copy of conviction for 89-8778 available at the time of Williams' sentencing. Compare Exhibit A, September 27, 1989 sentencing order entered in 89-8778, reflecting, in the upper right hand corner, charge of "poss. con. subst. w/ int.", with Exhibit B, docket sheet for 89-8778, reflecting entry on September 28, 1989 of "finding guilty: poss. cont. sub." Prior to the operation of the career offender guideline, Williams' criminal history score was six, corresponding to a criminal history category of III. A. Williams PSI at 10.

3

A transcript of the state court proceedings in 89-8778, which reflects a conviction for simple possession, was provided to the court and parties several months prior to Williams' sentencing on April 10, 1998. As the court may recall, the government initially sought a life sentence for Williams, pursuant to 21 U.S.C. §851, as a result of the supposed two prior felony narcotics convictions. See A.Williams PSI at 15; A.Williams Tr. at 2,9-10; R. 524, 1434, 1439. Prior to Williams' sentencing on April 10, 1998, the parties appeared in court regarding the government's decision to seek the life sentence, and during the course of those discussions, the transcript of proceedings in 89-8778 was discussed, revealing that Williams had only one prior conviction for possession with intent to distribute, and one conviction for simple possession. See Exhibit C, 95 CR 242 transcript of January 23, 1998, pp. 5-8. During the January 23, 1998 hearing, the parties referred to the state court transcript memorializing both Williams' plea to a charged of possession with intent to deliver in 89-11175, and a stipulated bench trial which resulted in a finding of guilty on the lesser included offense of possession of a controlled substance in 89-8778. See Exhibit D, 89-8778 and 89-11175 transcript of September 28, 1989, pp. 5-7, 7-9.

On April 10, 1998, the government withdrew the notice of enhanced penalties, filed pursuant to 21 U.S.C. §851, and sought a guidelines sentence for Williams. Exhibit E, 95 CR 242 transcript of April 10, 1998 at pp. 2. During the

4

January 23, 1998 hearing, the court had outlined, without objection by any party, William's expected guideline range of 41 and a criminal history category of VI. Exhibit C at 25.

During the sentencing hearing on April 10, 1998, Williams' counsel discussed his efforts to seek postconviction relief in the state court for one of Williams' prior convictions, which might have resulted in a criminal history category of II. *Id.* at 4-6. Because Williams' guideline range of 41 would have resulted in a sentence of 360-life for any criminal history category higher than II, it was decided not to pursue state postconviction relief. *Id.* at 6-7. The sentencing proceeded, and in conjunction with the guidelines calculations announced by the court at the conclusion of the January 23, 1998 hearing, Williams was sentenced to a term of 360 months on Counts 1 and 2, with a concurrent term of 10 years for Counts 16 through 21, and a consecutive term of 10 years on Count 15. Exhibit E at 31. Williams' criminal history calculation was not corrected to reflect his plea to simple possession in 89-8778, which would have left his criminal history score of 6 points unchanged, but would have made him ineligible for the application of the career offender guideline. *Id.*; A. Williams PSI at 10. Though the correction would have made the career offender guideline inapplicable to him, it would not have changed his sentence pursuant to the guidelines applicable at the time, since the range of imprisonment at

5

Level 41 was the same for Criminal History Categories III and VI: 360 months to life. USSG Ch.5, Pt. A, Sentencing Table.

### c. appellate proceedings

Williams, along with most of his codefendants, appealed the jury's verdicts. In his appeal, Williams did not raise any issues regarding the calculation of his criminal history score. The Seventh Circuit affirmed his conviction in an opinion issued a few weeks before the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). See *United States v. Patterson, et. al.*, 215 F.3d 776 (7th Cir. 2000). The defendants then filed a petition for certiorari before the Supreme Court. Shortly thereafter and in light of the *Apprendi* decision, the Supreme Court instructed the Seventh Circuit to reconsider sentencing issues pertaining to several defendants, including Williams. *Patterson v. United States*, 121 S.Ct.621 (2000). On remand, the Seventh Circuit affirmed Williams' sentence. *United States v. Patterson*, 241 F.3d 912 (7th Cir. 2001). On October 1, 2001, the Supreme Court denied the petition for certiorari brought by several of the defendants concerning the Seventh Circuit's decision on remand. *Patterson v. United States*, 122 S.Ct. 124, 151 L.Ed.2d 79, 70 USLW 3237 (Oct 01, 2001).

### d. postconviction proceedings

On September 24, 2001, Williams filed a § 2255 petition. 01 CV 7393 R.1. In the petition, he did not raise any issues regarding the calculation of his criminal history score. *Id.* The petition was denied on February 2, 2004. 01 CV 7393 R.12.

Williams filed a motion pursuant to 18 U.S.C. § 3582 on June 29, 2007, seeking a reduction in his sentence as a result of the amended crack cocaine guidelines promulgated in Amendment 706. R.1692. The motion was denied on February 25, 2009 because, as a career offender, Williams was not entitled to relief. R.1843. Williams appealed the decision on March 1, 2009. R.1844. The district court's decision was summarily affirmed on November 30, 2009. R. 1874. Williams filed his current motion on October 31, 2012. R.1968.

### 2. Argument

In his motion, Williams argues that the sentencing judgment of April 10, 1998 should be vacated, because the court was without jurisdiction to sentence him as a career offender. R.1968 at 2. He contends that the court lacked jurisdiction to sentence him as a career offender because Williams lacks the requisite two prior felony convictions of either a crime of violence or a controlled substance offense. *Id.* The district court indeed had jurisdiction to sentence Williams following his conviction. However, the district court does not have

7

jurisdiction to adjudicate Williams' current motion, even though he is correct that he was improperly deemed a career offender at sentencing.

### a. The district court had jurisdiction to sentence Williams.

Williams does not cite to any authority for his contention that the district court lacked jurisdiction to sentence him as a career offender because he lacked the requisite two prior controlled substance convictions. 18 U.S.C. § 3231 confers jurisdiction on a district court "of all offenses against the laws of the United States." *Id*. The district court clearly had jurisdiction, whether it erred in the determination of Williams' status as a career offender or not, since "[o]nce subject-matter jurisdiction has properly attached, courts may exceed their authority or otherwise err without loss of jurisdiction." *United States v. Ceballos*, 302 F.3d 679, 691 (7th Cir. 2002), quoting *Prou v. United States*, 199 F.3d 37, 45 (1st Cir. 1999).

### b. The district court does not have jurisdiction to grant Williams' motion to vacate.

However, because Williams filed his motion to vacate his sentence more than 14 years after the sentencing took place, the district court has no jurisdiction to consider it. Williams' citation to *Hugi v. United States*, 164 F.3d 378, 380 (7th Cir. 1999), does not provide a basis for the court's jurisdiction to hear this motion. Though the case states that "subject-matter jurisdiction in

8

every federal criminal prosecution comes from 18 U.S.C. § 3231, and there can be no doubt that Article III permits Congress to assign federal criminal prosecutions to federal courts," it does not discuss jurisdiction for postconviction relief in the circumstances of Williams' current motion.

Once a sentence has been imposed, the district court loses authority to modify it, other than to the extent that Fed. R. Crim. P. 35, 18 U.S.C. §3582, or 28 U.S.C. § 2255 permits.

Rule 35 allows adjustment in three circumstances only: the judge may fix errors within seven days; the judge may correct a sentence on remand following an appeal; and the judge may reduce a sentence on a prosecutor's motion to reward substantial assistance that occurs after the date of sentencing. *United States v. Zingsheim*, 384 F.3d 867, 871 (7th Cir. 2004), citing *Romandine v. United States*, 206 F.3d 731 (7th Cir.2000); *United States v. Mittelstadt*, 969 F.2d 335, 337 (7th Cir.1992). None of these options applies to the current situation.

Pursuant to 18 U.S.C. § 3582(c), district courts are authorized to revisit sentences in three situations. The district court may modify a sentence where: (1) the Bureau of Prisons has filed a motion and either extraordinary and compelling reasons warrant a reduction, or the defendant is at least 70 years old and meets certain other requirements; (2) where another statute or Federal Rule of Criminal Procedure 35 expressly permits a sentence modification; or (3) where

9

a defendant has been sentenced to a term of imprisonment based on a sentencing range that was subsequently lowered by the Commission. See 18 U.S.C. § 3582; *United States v. Lawrence*, 535 F.3d 631, 637 (7th Cir.2008). None of these options applies to the current situation, either.

The only other vehicle for attacking Williams' sentence would have been a motion pursuant to 28 U.S.C. § 2255. However, Williams has already brought a § 2255 motion in which he did not raise this issue and therefore may not raise it in the district court unless the issue is certified by the Seventh Circuit.

### c. Williams' motion is a second or successive § 2255 petition.

Because Williams' motion appears to be a second or successive § 2255 petition, this court does not have jurisdiction to consider it unless the Seventh Circuit certifies that it meets the requirements of 18 U.S.C. § 2244.

As outlined above, Williams filed an initial § 2255 petition on September 24, 2001, in which he did not raise any issues regarding the calculation of his criminal history score: the petition was denied on February 2, 2004. 01 CV 7393 R.1, 12. Indeed, in the initial § 2255, Williams could not have successfully argued that his counsel was ineffective in failing to raise the career offender issue at his initial sentencing, since the result of the proceeding would have been the same, and he therefore suffered no prejudice at sentencing. Under

*Strickland*, Williams must show that (1) his trial attorney's performance "fell below an objective standard of reasonableness," and (2) "but for counsel's unprofessional errors the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). nd, 466 U.S. at 697 ("In particular, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant"). Though a defendant does have a constitutional due process right to be sentenced based on accurate information, he is deprived of due process only where the incorrect information is materially untrue and the sentencing court relied on the critical inaccurate information when announcing its sentence. *Promotor v. Pollard*, 628 F.3d 878, 888 (7th Cir. 2010). Since Williams' sentence would have been the same without the incorrect information, he could not have successfully argued in the initial § 2255 that his due process rights were violated at his initial sentencing. *Id.*

Nor could Williams have successfully argued in his initial § 2255 petition that his appellate counsel was ineffective, since Williams suffered no prejudice as a result of any failure to include his classification as a career offender among the issues raised on appeal. The framework for assessing the constitutional effectiveness of appellate counsel is the same two-pronged *Strickland* test as for effectiveness of trial counsel. *Warren v. Baenen*, 712 F.3d 1090 (7th Cir. 2013).

11

To meet the *Strickland* prejudice prong regarding his appellate attorney's performance, Williams must show that "there is a reasonable probability that the issue his appellate attorney failed to raise would have altered the outcome of the appeal, had it been raised." *Brown v. Finnan*, 598 F.3d 416, 425 (7th Cir. 2010).  Since at the time of his initial sentencing and appeal, Williams sentence would have been the same regardless of whether he was classified as a career offender or not, he suffered no prejudice by any failure to raise the career offender issue on appeal.  Therefore, he would not have been entitled to relief pursuant to §2255 on this issue.

Williams also could not have argued, following the denial of his § 3582 motion, that his attorney was ineffective in the course of his § 3582 motion by failing to address the criminal history category issue at that time, since his counsel could not have challenged Williams' criminal history category pursuant to § 3582.  *Dillon v. United States*, —— U.S. ——, ——, 130 S.Ct. 2683, 2694 (2010) (aspects of defendant's sentence unaffected by guideline amendments are outside the scope of the proceeding authorized by § 3582(c)(2)).

Despite its title, Williams' current motion appears to be a successive § 2255 petition.  Williams' motion argues that the court lacked jurisdiction to sentence him, which is one of the grounds for relief set forth in § 2255(a). Any motion filed in the district court that imposed the sentence, and substantively

12

within the scope of § 2255 ¶ 1, is a motion under § 2255, no matter what title it bears. See *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004).

### d. Williams must seek certification from the Seventh Circuit.

However, before this court can consider the motion as a second or successive § 2255 petition, Williams needs to move before the Seventh Circuit for an order authorizing the district court to consider the motion. See 28 U.S.C. § 2244(b)(3)(A). Since the certification rule is jurisdictional and therefore limits the power of the district court to consider a second or successive motion, absent proper certification from the court of appeals, this court cannot consider the motion. See, e.g., *Torres v. Senkowski*, 316 F.3d 147, 151-52 (2d Cir. 2003); *United States v. Key*, 205 F.3d 773, 774-75 (5th Cir. 2000); *In re Page*, 170 F.3d 659, 661 (7th Cir.), modified on denial of rehearing en banc, 179 F.3d 1024 (7th Cir. 1999). Before a certificate of appealability may be granted, however, the petitioner must present a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *United States v. Fleming*, 676 F.3d 621, 625 (7th Cir.2012).

As noted above, Williams' initial sentencing range, as either a career offender at criminal history category VI or a category III offender at level 41, was 360 months to life under the then-mandatory sentencing scheme. Under

13

the current advisory guidelines applicable to 1.5 kilograms of crack cocaine, if Williams were sentenced as a category III offender at level 37, the sentencing range would be 262-327 months. USSG Ch.5, Pt. A, Sentencing Table. If a resentencing were to occur, correction of Williams' erroneous classification as a career offender could significantly reduce his sentence.

Government counsel has been unable to find any case on the same procedural footing as Williams' to evaluate whether his circumstances constitute the requisite substantial showing of the denial of a constitutional right. In different procedural contexts, the Seventh Circuit has reached different conclusions on whether the improper imposition of career offender status is cognizable on collateral review.

In *Narvaez v. United States*, 674 F.3d 621, 627 (7th Cir. 2011), a case involving an initial § 2255 petition, the Seventh Circuit recognized that sentencing errors are generally not cognizable on collateral review, especially when such errors can be raised on direct appeal, but reversed and remanded a district court's decision to deny collateral relief to a defendant seeking to revisit the imposition of career offender status at his initial sentencing. *Id.* At the time that the defendant in *Narvaez* was initially sentenced, when the sentencing guidelines were considered mandatory, his two prior escape convictions were considered crimes of violence, which made him eligible for the career offender

14

enhancement pursuant to USSG § 4B1.2(a)(2). *Id.* at 624. Subsequently, as a result of the decisions of the Supreme Court in *Begay v. United States*, 553 U.S. 137 (2008) and *Chambers v. United States*, 555 U.S. 122, (2009), the defendant's escape convictions were no longer considered crimes of violence. *Narvaez*, *id.* at 624. The Seventh Circuit found that *Begay* and *Chambers* applied retroactively on collateral review." *Id.* The *Narvaez* court further found that "[t]he career offender status illegally increased Mr. Narvaez's sentence approximately five years beyond that authorized by the sentencing scheme . . . Mr. Narvaez's claim goes to the fundamental legality of his sentence and asserts an error that constitutes a miscarriage of justice, entitling him to relief . . . based on his claim of miscarriage of justice." *Id.* at 629-630.

In *Hawkins v. United States*, 706 F.3d 820 (7th Cir. 2013), the Seventh Circuit affirmed a district court's denial of a § 2255 petition involving a defendant who also was classified as a career offender based on escape convictions that, following the decisions in *Begay v. United States*, 553 U.S. 137 (2008) and *Chambers v. United States*, 555 U.S. 122, (2009), were no longer considered violent crimes. *Id.* at 823. The court opined that the defendant had not been subjected to a miscarriage of justice, since, under the applicable advisory guidelines, the district court could impose the same sentence upon

15

resentencing and, given the defendant's criminal history, such a sentence would not be unreasonable. *Id.* at 825.

The foregoing notwithstanding, the government is cognizant of the unique facts and difficult procedural issues underlying Williams' current situation. Should Williams opt to move the Seventh Circuit for an order authorizing the district court to consider his motion as a second or successive § 2255 petition, the government will not oppose that motion.

## CONCLUSION

WHEREFORE, the government respectfully requests that Williams' motion be denied, since this court currently lacks jurisdiction to consider it. The government further requests that Williams move before the Seventh Circuit, pursuant to 28 U.S.C. § 2244(b)(3)(A), for an order authorizing the district court to consider the motion as a second and successive § 2255 petition.

        Respectfully submitted,

        GARY S. SHAPIRO
        United States Attorney

By:  /s/ Madeleine S. Murphy
      MADELEINE S. MURPHY
      Assistant United States Attorney
      219 S. Dearborn Street
      Chicago, Illinois  60604

(312) 886-2070