UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 95 CR 242-6 |
| vs. | ) | Judge Robert Gettleman |
| | ) | |
| ANDRE WILLIAMS, | ) | |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S RESPONSE TO ANDRE WILLIAMS'
MOTION TO CORRECT THE RECORD**

THE UNITED STATES OF AMERICA, by its attorney, ZACHARY T. FARDON, United States Attorney for the Northern District of Illinois, respectfully submits this Response to Andre Williams' Motion to Correct the Record. Williams moves, pursuant to Fed.R.Crim.P. 36, to correct a Cook county Circuit Court Sentencing Order regarding case number 89-8778 and 89-11175. He also asks that he be resentenced in accordance with the corrected record. Though Williams' position, that the order in question incorrectly reflects a plea to two counts of possession of a controlled substance with intent to deliver rather than one count of possession with intent to deliver and one count of simple possession, is correct, and though he was incorrectly sentenced as a career offender, this court lacks jurisdiction to consider this motion. Despite its caption, the motion is a second or

1

successive § 2255 petition, and it should be denied because Williams lacks the permission of the Seventh Circuit to file a second or successive § 2255 petition.

**1. Procedural History**

**a. the charges and trial**

Andre Williams, among others, was charged in Counts One, Two, and Fifteen through Twenty-One of a 36-count superseding indictment. Count One charged him with racketeering conspiracy in violation of 18 U.S.C. § 1962(d), Count Two charged him with narcotics conspiracy in violation of 21 U.S.C. § 846, Count Fifteen charged him with possession of a firearm in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c), and Counts Sixteen through Twenty-One charged him with felon in possession in violation of 18 U.S.C. § 922(g). R. 411. Williams, along with other codefendants, stood trial and was convicted of the charges against him on June 7, 1996. R. 1028.

**b. the sentencing**

Williams was sentenced on April 10, 1998, to two concurrent 360-month terms on Counts One and Two of the superseding indictment; two concurrent 120-month terms on the § 922(g) charges in Counts Sixteen through Twenty-One, and a consecutive 120 months on Count Fifteen, a § 924(c)

charge. R.1443. At the time Williams was sentenced, USSG §
2D1.1(c)(1)(1995) provided for a base offense level of 38 in cases involving,
among other things, 30 kilograms or more of heroin, 150 kilograms or more of
cocaine, or 1.5 kilograms of cocaine base.

In sentencing Williams, the court determined that his total offense level
was 41 and his criminal history category was VI. A. Williams SOR. The
total offense level of 41 was the result of a base offense level of 38 and a three
level enhancement for a leadership role pursuant to USSG § 3B1.1(b). A.
Williams PSI at 6. Williams' criminal history category of VI was the result
of the operation of the career offender guideline, USSG § 4B1.1(a), since at
the time the PSI was written, documentation indicated that Williams had two
prior convictions for possession of a controlled substance with intent to
deliver. As the court may recall from the pleadings associated with Williams'
previously filed Motion to Vacate Void Judgment, one of Williams' prior
convictions was erroneously recorded as a conviction for possession with
intent to deliver, when it fact it was a conviction for simple possession. R.
1987. Though this came to the attention of the parties and the court prior to
Williams' sentencing, because Williams' guideline range of 41 would have
resulted in a sentence of 360-life for any criminal history category higher
than II, it was decided not to delay the sentencing to pursue state

3

postconviction relief to address the error. R. 1987. As a result, because none of the parties believed that it would ever make a difference in Williams' sentence, Williams' criminal history calculation was not corrected: if it had been corrected, his criminal history score of 6 points would have been unchanged, but he would have been ineligible for the application of the career offender guideline.

### c.    appellate proceedings

Williams, along with most of his codefendants, appealed the jury's verdicts. In his appeal, Williams did not raise any issues regarding the calculation of his criminal history score. The Seventh Circuit affirmed his conviction in an opinion issued a few weeks before the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). See *United States v. Patterson*, et. al., 215 F.3d 776 (7th Cir. 2000). The defendants then filed a petition for certiorari before the Supreme Court. Shortly thereafter and in light of the *Apprendi* decision, the Supreme Court instructed the Seventh Circuit to reconsider sentencing issues pertaining to several defendants, including Williams. *Patterson v. United States*, 121 S.Ct.621 (2000). On remand, the Seventh Circuit affirmed Williams' sentence. *United States v. Patterson*, 241 F.3d 912 (7th Cir. 2001). On October 1, 2001, the Supreme Court denied the petition for certiorari brought by several of the defendants

concerning the Seventh Circuit's decision on remand. *Patterson v. United States*, 122 S.Ct. 124, 151 L.Ed.2d 79, 70 USLW 3237 (Oct 01, 2001).

### d.    postconviction proceedings

On September 24, 2001, Williams filed a § 2255 petition.  01 CV 7393 R.1.  In the petition, he did not raise any issues regarding the calculation of his criminal history score.  *Id.*   The petition was denied on February 2, 2004.  01 CV 7393 R.12.

Williams filed a motion pursuant to 18 U.S.C. § 3582 on June 29, 2007, seeking a reduction in his sentence as a result of the amended crack cocaine guidelines promulgated in Amendment 706.  R.1692.  The motion was denied on February 25, 2009 because, as a career offender, Williams was not entitled to  relief.  R.1843.  Williams appealed the decision on March 1, 2009.  R.1844.  The district court's decision was summarily affirmed on November 30, 2009.  R. 1874.

On October 31, 2012, Williams filed a motion to vacate void judgment, arguing that the sentencing judgment of April 10, 1998 should be vacated, because the court was without jurisdiction to sentence him as a career offender and because the court lacked jurisdiction to sentence him as a career offender.  R. 1968 at 2.  On July 5, 2013, the government responded that the district court did not have jurisdiction to adjudicate Williams' motion, even

though he was correct that he was improperly deemed a career offender at sentencing, because it was a second or successive § 2255 petition. R. 1987. The government took the position that Williams should move the Seventh Circuit for an order authorizing the district court to consider his motion as a second or successive § 2255 petition, which the government would not oppose. *Id.* On August 8, 2013, this court denied the motion without prejudice.

On November 8, 2013, Williams filed a motion in the Seventh Circuit Court of Appeals, seeking an order authorizing the district court to entertain a second or successive motion for collateral review. 13-3486, docket sheet, item 1. The government did not oppose the motion. 13-3486, docket sheet generally. On November 15, 2013, the Seventh Circuit denied the motion, reasoning, "[t]o obtain authorization, Williams' proposed claim must rely on a new constitution rule . . . or new facts showing innocence . . .the parties knew about the mischaracterization of Williams' prior conviction in 1998; it was discussed during his sentencing hearing . . . the scrivener's error was discovered long before 2012 and it is therefore not a new fact." 13-3486, docket sheet, item 2.

On May 12, 2014, Williams filed his current motion.

### 2.    Argument

Williams' motion seeks not only to correct the judgment in his state court case, but to be resentenced, and as such, it is a § 2255 motion. Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶ 1, is a motion under § 2255, no matter what title it bears. See *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004). Before this court can consider the motion as a second or successive § 2255 petition, Williams needs to move before the Seventh Circuit for an order authorizing the district court to consider the motion.   See 28 U.S.C. § 2244(b)(3)(A).   Since the certification rule is jurisdictional and therefore limits the power of the district court to consider a second or successive motion, absent proper certification from the court of appeals, this court cannot consider the motion. See, e.g., *Torres v. Senkowski*, 316 F.3d 147, 151-52 (2d Cir. 2003); *United States v. Key*, 205 F.3d 773, 774-75 (5th Cir. 2000); *In re Page*, 170 F.3d 659, 661 (7th Cir.), modified on denial of rehearing en banc, 179 F.3d 1024 (7th Cir. 1999).   Because the issues raised in Williams' current motion arise from the same facts as his motion for an order authorizing the district court to entertain a second or successive motion for collateral review, it is likely that it will meet the same fate in the Seventh Circuit.

Williams cites *United States v. Powell*, 226 Fed.Appx. 263, 2008 WL 480891 (4th Cir. 2008), on his behalf, but the case is distinguishable from Williams' situation. Powell was convicted of narcotics trafficking and was sentenced as a career offender based on two prior state convictions, one of which was later found to be erroneously recorded and erroneously counted as a predicate offense pursuant to USSG § 4B1.1(a)(3). *Id.* at *265. Powell's attorney discovered the error while Powell's § 2255 motion was pending. *Id.* The attorney simultaneously supplemented the § 2255 motion with information regarding the error in the conviction, and moved successfully in the state court to correct the error. *Id.* The district court denied Powell's § 2255 motion because it was filed beyond the one-year time limit provided for in § 2255. *Id.* The Fourth Circuit reversed, finding that despite the one-year statute of limitations in 28 U.S.C. § 2255, Fed.R.Crim.P. 36 provided for correction of purely clerical errors at any time. *Id.* at *265-266. The Fourth Circuit ordered that the federal records which repeated the now-corrected state court error be corrected, and Powell be resentenced accordingly. *Id.* at 266.

Unfortunately for Williams, his situation is different. The error was discovered during Williams' initial sentencing proceeding and was known to all the parties at that time. Further, the *Powell* decision is from another

8

circuit, is not controlling in this circuit, and is an unreported decision which is not binding even in the Fourth Circuit. *See Powell v. United States*, 266 Fed.Appx. at \*264.

Moreover, the *Powell* decision conflicts with controlling case law in this circuit. In *United States v. Daddino*, 5 F.3d 262, 264 -265 (7th Cir. 1993), the Seventh Circuit refused to uphold a district court's after-the-fact use of Rule 36 to add forgotten costs of incarceration and supervision to a defendant's sentence. The *Daddino* court noted "if the error or omission is indeed a judicial error, rather than a clerical mistake, it is not within the purview of [Rule 36]", citing *United States v. Kaye*, 739 F.2d 488, 491 (9th Cir.1984) and Charles A. Wright, Federal Practice and Procedure: Criminal 2d § 611 (1982) ("[a]n error arising from oversight or omission by the court, rather than through a clerical mistake, is not within the purview of [Rule 36]"). It stated also that "the omission of the costs of incarceration and supervision from Daddino's sentence stems from an oversight of the district court itself." *Id.*

It appears that there is no judicial remedy for Williams' situation. He may want to pursue relief via the executive branch through a motion for partial clemency. See *United States v. Wyatt*, 672 F.3d 519, 524 (7th Cir. 2012)("Wyatt would not be sentenced as a career offender today and likely

would receive a substantially lower sentence . . . there is no longer any judicial procedure to remedy the situation. At this point, only the executive branch has the authority to grant Wyatt the relief he seeks. *See Herrera v. Collins*, 506 U.S. 390, 411–12, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993) (clemency is the historic remedy for preventing miscarriages of justice where judicial process has been exhausted)").

## CONCLUSION

WHEREFORE, the government respectfully requests that Williams' motion be denied, since this court currently lacks jurisdiction to consider it.

Respectfully submitted,

ZACHARY T. FARDON
United States Attorney

By:   /s/ Madeleine S. Murphy
MADELEINE S. MURPHY
Assistant United States Attorney
219 S. Dearborn Street
Chicago, Illinois    60604
(312) 886-2070

Date:  July 3, 2014