UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| | ) No. 95 CR 242-6 |
| vs. | ) Judge Robert Gettleman |
| ANDRE WILLIAMS, | ) |
| Defendant. | ) |

**GOVERNMENT'S RESPONSE TO ANDRE WILLIAMS'
RENEWED MOTION TO CORRECT THE RECORD**

THE UNITED STATES OF AMERICA, by its attorney, ZACHARY T. FARDON, United States Attorney for the Northern District of Illinois, respectfully submits this Response to Andre Williams' March 6, 2015 Motion to Correct the Record. Williams moves, pursuant to Fed.R.Crim.P. 36, for an "amended updated version" of his presentence investigation report, correcting the "clerical" error that classifies him as a career offender, and showing that his Cook County Circuit conviction in 89-8778 is a conviction for possession of a controlled substance, and not a conviction for possession with intent to deliver, as the report currently reflects. William argues that the error in the presentence investigation report regarding his conviction in 89-8778 is a purely clerical error and thus can be corrected pursuant to Rule 36. However, because the error was known to all parties and to the court at the

1

time that Williams was sentenced, it is the government's position that the error is more than clerical and cannot be corrected pursuant to Rule 36. Williams' motion should therefore be denied, since this court lacks jurisdiction to consider it.

1. **Procedural History**

As the court may recall, the procedural history of Williams' case is set forth in some detail in the government's July 3, 2014 response to Williams' May 7, 2014 Rule 36 motion. R. 2013. In its response, the government argued that the Rule 36 motion was actually a second or successive § 2255 petition, since Williams sought to correct his presentence investigation report and to be resentenced. *Id*. The government further argued that the court lacked jurisdiction over the motion since Williams had failed to seek permission from the Seventh Circuit to file a second or successive motion. *Id*.

On November 12, 2014, this court denied Williams' Rule 36 motion for lack of jurisdiction, and noted in the order that it "strongly recommend[ed] that the Bureau of Prisons, in classifying Andre Williams, take into consideration the he is not a 'career offender,' and that the PSR incorrectly labeled him as such." R. 2016.

Williams appealed the decision; on February 20, 2015, the Seventh Circuit affirmed this court's decision and declined to issue a certificate of appealability to Williams. R. 2017, 2035, 2036, 2037; *United States v. Williams*, 777 F.3d 909 (7th Cir. 2015. The Seventh Circuit noted, ". . . nor does the presentence report contain a clerical error . . .[w]hether the author of the report accurately understood the nature of one of Williams's older convictions (which affect whether he is a career offender) is a substantive matter . . . it is far too late to revisit [the PSR]." *Id.* Following the Seventh Circuit's decision, Williams moved for a writ of certiorari, which was denied. *Williams v. United States,* 2015 WL 1607157 (U.S. May 04, 2015).

In his current motion, Williams argues that this court may correct what Williams characterizes as a "purely clerical error" in the presentence investigation report pursuant to Rule 36. R. 2038 at 2. He states that he is not asking the court to correct, amend, alter or change his sentence at this time, and argues that the staff at FCI will continue to classify him as a career offender until the institution receives an amended version of his presentence investigation report that reflects that he is not a career offender. *Id.* at 3. He therefore seeks an "amended updated version" of his presentence investigation report, correcting the "clerical" error that classifies him as a career offender, and showing that his Cook County Circuit conviction in

3

89-8778 is a conviction for possession of a controlled substance, and not a conviction for possession with intent to deliver, as the report currently reflects.

**2. Argument**

Fed.R.Crim.P. 36 does not confer jurisdiction on this court to provide the relief that Williams seeks. Rule 36 provides:

> After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission.

Rule 36 is limited, however, to errors that are truly clerical in nature; it cannot be used to fix judicial errors. *United States v. Lawrence,* 535 F.3d 631, 635 (7th Cir. 2008). As the Seventh Circuit stated regarding Williams' appeal of his earlier Rule 36 motion, Williams' presentence report does not contain a clerical error, since "[w]hether the author of the report accurately understood the nature of one of Williams's older convictions (which affects whether he is a career offender) is a substantive matter." *United States v. Williams*, 777 F.3d 909, 910 (7th Cir. 2015). Accord *United States v. Daddino,* 5 F.3d 262, 264 -265 (7th Cir. 1993)("if the error or omission is indeed a judicial error, rather than a clerical mistake, it is not within the purview of [Rule 36]"). *See also United States v. Kaye,* 739 F.2d 488, 491 (9th Cir.1984) and Charles A. Wright, Federal Practice and Procedure: Criminal

2d § 611 (1982) ("[a]n error arising from oversight or omission by the court, rather than through a clerical mistake, is not within the purview of [Rule 36]"); *United States v. Guevremont*, 829 F.2d 423, 424, 426 (3rd Cir.1987)(errors were made in the oral sentencing order arose from an oversight or omission by the court, rather than through a clerical mistake, and thus are not within the purview of Rule 36); *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir.1990) (substantive alterations in sentences held "not within the ambit of Rule 36"); *United States v. Werber*, 51 F.3d 342, 347 (2d Cir. 1995) (Rule 36 was intended to allow correction of clerical errors, not to allow reassessment of the merits of an earlier decision after the time for reconsideration or appeal ha[s] elapsed; Rule 36 is not a vehicle for the vindication of the court's unexpressed sentencing expectations, or for the correction of errors made by the court itself.)

Williams argues, based on case law from the Fifth, Eighth, Ninth and Tenth Circuits, that the error at issue can be corrected at any time pursuant to Fed.R.Crim.P. 36. None of his cases control over the prevailing Seventh Circuit case law, and all of it can be distinguished from the facts of his case.

Williams cites *United States v. Mackay*, 757 F.3d 195 (5th Cir. 2014) in support of his position. R. 2038 at 2. In *Mackay*, the cover sheet of a defendant's presentence investigation report erroneously listed the offense of

5

conviction as conspiracy to possession with intent to distribute cocaine, when in fact, the conspiracy involved marijuana. *Id.* at 196. The error did not affect the defendant's sentence. *Id.* Thirteen years later, the defendant moved pursuant to Rule 36 to correct the error, which caused him harm because the Bureau of Prisons used the PSR for classifications and designations. *Id.* The district court refused to correct the misstatement because, in its opinion, "the PSR is not a court order that can be corrected under Rule 36." *Id.* On appeal, the Fifth Circuit reversed, finding that the PSR could be corrected under Rule 36, but cautioned that "Rule 36 is not a perpetual right to apply different legal rules or different factual analyses to a case . . .[i]t is only mindless and mechanical mistakes and no new additional legal perambulations which are reachable through Rule 36." *Id.* at 200, citations omitted.

    The error in *Mackay* was not discovered for thirteen years after the sentencing, whereas in Williams' case the error was known to all parties at the time of Williams' sentencing. Williams' attorney failed to move to correct the PSR to properly reflect the nature of the prior conviction at issue, and failed to object to his classification as a career offender at the time of sentencing. The probation office, the government and the court also did not seek to remedy the error at the time of Williams' sentencing. Even if it were

prevailing case law from this jurisdiction, *Mackay* is factually distinguishable from Williams' situation.

Williams also cites *United States v. Knockum*, 881 F. 2d 730 (9th Cir. 1988) for the proposition that Rule 36 permits the attachment of an omitted sentencing transcript to a presentence investigation report after sentencing. R. 2038 at 2. At bar, Williams isn't asking the court to add a document to the presentence investigation report that was previously erroneously omitted: he seeks substantive change to the document itself. *Knockum* doesn't apply to his factual scenario.

Williams also cites *United States v. Wach*, 907 F.2d 1038, 1041 (10th Cir. 1990), in which a defendant's case was remanded pursuant to a direct appeal because the court's staff had failed to append to the presentence investigation report the court's statement that it would not rely on contested portions of the report. The *Wach* court found that "the district court committed the technical error of failing to append to the presentence report its determination not to rely upon controverted matters in passing sentence." *Id.* At bar, Williams' situation is not a simple omission as was presented in *Wach,* and thus, *Wach* is distinguishable.

Williams also cites to *United States v. Brown*, 715 F. 2d 387, 389 n. 2 (8th Cir. 1983) for the proposition that the presentence investigation report

7

"is of like kind or character as a judgment or order and is embraced by the terms 'other part of the record' as used in Rule 36." R. 2038 at 3. This is a misquote of *Brown*. See 715 F. 2d 387.

Moreover, it does not appear that Williams' career offender classification, in and of itself, is affecting his current security level or custody classification. See Exhibit 1, email from Ryan Nelson, Senior Attorney, Bureau of Prisons. Further, the Bureau of Prisons has an administrative procedure for addressing errors in documents such as presentence investigation reports. See Exhibit 2, Program Statement 5800.7, at p. 11. Finally, Williams may want to pursue a motion via 28 U.S.C. §3582 with the Bureau of Prisons. Though Mr. Nelson opined that this remedy appears to apply to elderly or ill inmates, it might be worth pursuing. See Exhibit 3, Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582(c)(1)(A) and 4205(g).

The government is mindful that Williams' situation is not of his own making. Unfortunately, the district court does not have jurisdiction to remedy the situation at this time. The government again suggests that Williams pursue relief via the executive branch through a motion for partial clemency. See *United States v. Wyatt*, 672 F.3d 519, 524 (7th Cir. 2012).

8

## CONCLUSION

WHEREFORE, the government respectfully requests that Williams' renewed Rule 36 motion be denied, since this court currently lacks jurisdiction to consider it.

                Respectfully submitted,

                ZACHARY T. FARDON
                United States Attorney

By:   /s/ Madeleine S. Murphy
       MADELEINE S. MURPHY
       Assistant United States Attorney
       219 S. Dearborn Street
       Chicago, Illinois    60604
       (312) 886-2070

Date:   May 13, 2015